IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIJAH WASHINGTON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. 2:24-cv-03190-JDW |
| | : | |
| **MCCAFFERY,** et al., | : | |
| **Defendants.** | : | |

## MEMORANDUM

Elijah Washington has not prosecuted this case. I've given him several chances to do so and warnings about the consequences of failure. For the reasons set forth below, Mr. Washington has exceeded any reasonable time to proceed. I will therefore dismiss his claims.

## I.   BACKGROUND

Mr. Washington filed this case in July 2024. He alleged that during a planned use of force on April 26, 2024, at SCI Phoenix, a correctional officer deployed an excessive amount of OC-spray and failed to shut down the ventilation system in advance. Mr. Washington also presented allegations regarding several grievances he submitted regarding the use of OC spray, the conditions of his cell, alleged disciplinary actions he suffered, and a transfer he received after he submitted the grievances. (*See id.* at 5-9.)

In an Order dated September 19, 2024, I granted Mr. Washington's application to proceed *in forma pauperis* and screened the initial Complaint pursuant to 28 U.S.C. 1915(e)(2)(B). I dismissed all official capacity claims with prejudice and all other federal

law claims without prejudice. I also dismissed state law claims without prejudice for lack of subject matter jurisdiction. I gave Mr. Washington until October 18, 2024, to file an amended complaint.

Mr. Washington filed a motion for an extension of time to file an amended complaint, which I granted. He therefore had until December 6, 2024, to file an Amended Complaint. The Clerk's Office entered an Amended Complaint on the docket on December 11, 2024. The Amended Complaint dropped several defendants, and I terminated them from the docket in an Order dated January 13, 2025. In that same Order, I directed service of the Amended Complaint on two remaining defendants: Lieutenant McCafferty; and Nurse Borzecki. On June 3, 2025, those defendants moved to dismiss Mr. Washington's claims. They argue that Mr. Washington failed to exhaust his administrative remedies, that sovereign immunity precludes most of Mr. Washington's state law claims, and that Mr. Washington fails to state a claim for medical negligence against Ms. Borzecki under Pennsylvania law.

I ordered Mr. Washington to respond to the Motion by July 3, 2025. When the deadline passed and Mr. Washington had not filed a response, I issued an Order To Show Cause on July 28, 2025, directing Mr. Washington to file a response to the pending Motion if he intended to prosecute his remaining claims. Mr. Washington has not responded to that Order either, and his time to do so has now expired.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b). "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (*per curiam*) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider the factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). However, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013).

However, in the context of a pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), granting a defendant's motion to dismiss a case where the plaintiff has failed to respond thereto is effectively akin to sanctioning the plaintiff for failing to comply with a local rule or court order, and a "drastic" sanction like dismissal with prejudice requires a *Poulis* analysis. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 29-30 (3d Cir. 1991). That's true even if  the plaintiff has been ordered to respond and warned that failure to respond

could result in dismissal. *Brzozowski v. Pennsylvania Tpk. Comm'n*, 738 F. App'x 731, 734 (3d Cir. 2018) (*per curiam*)

### III.   DISCUSSION

In *Poulis*, the United States Court of Appeals for the Third Circuit articulated six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary … ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). When balancing the *Poulis* factors, there is no "magic formula," "no single *Poulis* factor is dispositive," and all six factors need not be satisfied for a court to dismiss a complaint. *See Briscoe v. Klause*, 538 F.3d 252, 263 (3d Cir. 2008). In this case, an assessment of the *Poulis* factors weighs in favor of dismissing this action.

As to the first *Poulis* factor, "a pro se plaintiff is personally responsible for complying with the court's orders." *See id.* at 258-59. I gave Mr. Washington two chances to respond to the motion to dismiss. I also told him that if he failed to respond, I would dismiss his case for failure to prosecute. Nonetheless, Mr. Washington failed to respond or to communicate with the Court. This factor weighs in favor of dismissal.

The second factor, prejudice to the defendants, is neutral. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses'

memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quote omitted). This case is in its early stage of litigation, so there appears to be no prejudice from the delay. However, as a practical matter, it is unclear how anyone could defend against a case with an unresponsive plaintiff if the case were to move forward.

The third factor, a history of dilatoriness, weighs in favor of dismissal. I must assess this factor over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261. However, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as … consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. On the one hand, this case is in the early stages of litigation. On the other hand, the litigation cannot proceed beyond its initial stage due to Mr. Washington's repeated failure to comply with my Orders to file his response. A search of the Pennsylvania Department of Corrections Inmate/Parolee Locator reflects that Mr. Washington is still incarcerated at SCI Somerset, consistent with his address on the docket. Because the record shows unexplained delays in Mr. Washington's prosecution of the case, this factor weighs in favor of dismissal.

The fourth factor, whether plaintiff's conduct was willful or in bad faith, weighs in favor of dismissal. On this record, Mr. Washington's failure to file a response may fairly be understood as willful.

5

The fifth factor, the effectiveness of sanctions other than dismissal, weighs in favor of dismissal because the record shows that no other sanction would be effective. Mr. Washington's continued failure to respond to the pending Motion, if left unaddressed, would be a complete barrier to this case proceeding beyond the pleadings stage. Given the procedural posture of this case, Mr. Washington's *pro se* and *in forma pauperis* status, and his apparent unwillingness to prosecute his claims by responding to the pending Motion, it is difficult to determine what lesser sanction might be available or appropriate in this context. *See Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990)

Under the sixth *Poulis* factor, I must consider if the claims or defenses are meritorious. *See Poulis*, 747 F.2d at 869-70. As in *Poulis*, the defenses proffered in the motion to dismiss are compelling, Mr. Washington makes no allegation that would avoid these defenses, and Mr. Washington filed no response to the motion to dismiss. Thus, even if Mr. Washington could maintain meritorious claims, Defendants have articulated compelling defenses to Mr. Washington's claims, which weighs in favor of dismissal. Even if I were to find the sixth *Poulis* factor to be neutral, the first, third, fourth, and fifth *Poulis* factors weigh in favor of dismissal, and applying the overall analysis also weighs in favor of dismissing this action.

## IV.  CONCLUSION

A plaintiff may have a meritorious claim, but he must prosecute that claim in accordance with the Federal Rules of Civil Procedure and any Orders to prove that claim

and entitle him to judgment. Absent a plaintiff who is participating in the legal process, this case cannot move forward. I will therefore dismiss the case. A separate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

September 17, 2025